**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No.: 20-30487 (AMN) |
|     DONGHIA, INC., | : | |
|         *Debtor.* | : | Chapter 7 |
| | : | |
|     KARA S. RESCIA, | : | Adv. Pro. No.: 22-03007 |
|     CHAPTER 7 TRUSTEE | : | |
|         *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
|     PLYCON VAN LINES, INC. | : | |
|         *Defendant.* | : | Re: AP-ECF Nos. 1, 7 |

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**I.  INTRODUCTION**

Before the court is a motion filed by plaintiff, Kara S. Rescia, Chapter 7 Trustee (the "plaintiff"), seeking entry of a default judgment against defendant Plycon Van Lines, Inc. (the "defendant") pursuant to Fed.R.Civ.P.55(b)(2), made applicable here by Fed.R.Bankr.P. 7055.  AP-ECF No. 7.[1]  The plaintiff seeks a judgment to avoid and recover certain preference payments pursuant to Bankruptcy Code §§ 547, 550, 551, and 502(d) made by the debtor Donghia, Inc. (the "debtor") to the defendant within ninety (90) days prior to commencing the underlying Chapter 7 bankruptcy case.[2]  The Clerk of Court entered a default after the defendant's failure to appear and file any responsive pleading.  AP-ECF No. 6.  After consideration of the record of this case and the evidence presented

---

[1] Documents filed in the Main Bankruptcy Case No. 20-30487 are denoted, "ECF No.___"; documents filed in the Adversary Proceeding, Case No. 22-03007 are denoted, "AP-ECF No. ___".
[2] *See*, Title 11, United States Code is referenced throughout as the Bankruptcy Code.

1

with the motion, the court concludes the plaintiff has met its burden and a default judgment will enter against the defendant.

## II.  JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (b)(2)(B) and (b)(2)(F).  This Court has the authority to hear this matter pursuant to the General Order of Reference entered on September 21, 1984, by the States District Court for the District of Connecticut.  Venue is properly before this court in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.  PROCEDURAL HISTORY AND FACTS

On March 30, 2020, (the "Petition Date") the debtor commenced the underlying voluntary Chapter 7 bankruptcy case.  ECF No. 1; AP-ECF No. 1.

Prior to the Petition Date, the debtor paid the defendant $13,905.00 on February 28, 2020, via check.  AP-ECF No. 7.  Thereafter, but also prior to the Petition Date, the debtor paid $14,975.00 to the defendant on March 6, 2020, via a debit payment.  AP-ECF No. 7.  These payments totaled $28,880.00.

On March 25, 2022, plaintiff commenced this adversary proceeding to avoid and recover the two preferential transfers pursuant to §§ 547, 550, 551, and 502(d)[3].  AP-ECF No. 1.  On March 31, 2022, the plaintiff served the summons and a copy of the complaint upon the defendant by regular first-class United States mail.  AP-ECF Nos. 2, 4.

---

[3] Insofar as the plaintiff seeks the disallowance of any proof of claim filed by the defendant pursuant to 502(d), it is moot because the defendant has not filed a claim in debtor's underlying Chapter 7 bankruptcy case.

Despite service of the summons and complaint, the defendant failed to appear or respond to the complaint. The plaintiff moved for entry of a default based on the defendant's failure pursuant to Local Bankr. R. 7055-1(a), Fed.R.Bankr.P. 7055, and Fed.R.Civ.P. 55(a). AP-ECF No. 5. Subsequently, the Clerk of the Court entered the default on May 9, 2022. AP-ECF No. 6.

Thereafter, the plaintiff filed the instant motion attaching an affidavit in support executed by the Chapter 7 Trustee. AP-ECF No. 7. The relevant period for evaluating preference payments made within ninety (90) days of the Petition Date in this case is the period of December 30, 2019, to March 30, 2020. The plaintiff attests that ninety (90) days before the Petition Date, the debtor made two payments to the defendant totaling $28,880.00 on an antecedent debt when the debtor was insolvent. AP-ECF No. 7. The plaintiff concluded in her investigation the two payments may be avoided pursuant to § 547(c). AP-ECF No. 7. Additionally, defendant is a corporation so compliance with 50 U.S.C. § 3931 protections for individual servicemembers from default judgments is not required. AP-ECF No. 7. Notwithstanding service of the motion for default judgment, the defendant has still failed to appear or otherwise defend. AP-ECF No. 7.

IV. **APPLICABLE LAW**

**Standard for Determining Motions for Default Judgment**

It is established that "a motion for judgment by default is not granted as a matter of right." *In re Thanh V. Truong*, 271 B.R. 738, 742 (Bankr. D. Conn. 2002). Fed.R.Civ.P.55, "made applicable to this adversary proceeding by Bankruptcy Rule 7055, 'provides a "two-step process" for the entry of a judgment against a party that fails to defend: first, the entry of a default, and second, the entry of a default judgment.'" *In re*

3

*Fyre Festival LLC*, 611 B.R. 735, 739 (Bankr. S.D.N.Y. 2020) (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011)).  The entry of default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff."  *In re Fyre Festival LLC*, 611 B.R. at 739.  Additionally, any relief must be limited to the relief sought in the adversary complaint pursuant to Rule 54(c).  Fed.R.Civ.P. 54(c).

"When a defendant fails to respond to a properly served complaint in an adversary proceeding, the plaintiff may move for entry of a default judgment on the claim*."* *In re Advance Watch Co., Ltd*., 587 B.R. 598, 601 (Bankr. S.D.N.Y. 2018).  "[C]ourts are entitled to enforce compliance with the time limits of the Rules by various means [however], the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort."  *In re Belmonte*, No. 12-76045-AST, 2017 WL 818257, at *2 (Bankr. E.D.N.Y. Feb. 28, 2017).  Moreover, the court is in the "best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties."  *In re Belmonte*, No. 12-76045-AST, 2017 WL 818257, at *2 (Bankr. E.D.N.Y. Feb. 28, 2017) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)).

At its discretion, the court may require "some proof [from the Plaintiff] of the facts that must be established in order to determine [the Debtor's] liability."  *In re Thanh*, 271 B.R. at 742 (quoting *Wright, Miller & Kane* § 2688 at 60–61).  Entry of a default judgment without a hearing is permissible where, as here, affidavits and the record of the case comprise the evidentiary record.  *See, In re Hughes*, No. 19-31125 (AMN), 2022 WL 244646, at *5 (Bankr. D. Conn. Jan. 25, 2022); *see also*, Fed.R.Civ.P. 43(c) made

applicable by Fed.R.Bankr.P. 9017 ("the court may hear the matter on affidavits"). "If a plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the Clerk must enter judgment against the defaulting party in the amount of the claim." *In re Advance Watch Co., Ltd.*, 587 B.R. at 601; s*ee also* Fed.R.Bankr.P. 7055. The court "may [also] conduct a hearing to determine the amount of damages or the truth of any allegation." *In re Santiago*, No. 17-31361 (AMN), 2021 WL 371823, at *4 (Bankr. D. Conn. Jan. 28, 2021). Although "a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). The second step of "entry of a default judgment, converts the defendant's admission of liability into a final judgment." *In re Fyre Festival LLC*, 611 B.R. at 739.

### Preferential Transfer Pursuant to § 547

Section 547 of the Bankruptcy Code "permits bankruptcy estates to recover preferential transfers, or 'preferences', made between the debtor and its creditors before the debtor files a bankruptcy petition." *In re Ames Dep't Stores, Inc.*, 506 F. App'x 70, 72 (2d Cir. 2012) (summary order). To avoid pre-petition transfers pursuant to § 547(b), a plaintiff must allege any transfer of an interest of the debtor in property–

(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
    (A) on or within 90 days before the date of the filing of the petition; ... and
(5) that enables such creditor to receive more than such creditor would receive if—
    (A) the case were a case under chapter 7 of this title;

>   (B) the transfer had not been made; and
>   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Importantly, "[i]n order to show an avoidable preference, the trustee has the burden of proving each element of § 547(b) by a preponderance of the evidence." *In re Colonial Realty Co.*, 229 B.R. 567, 573–74 (Bankr. D. Conn. 1999). However, "[t]here is a rebuttable presumption that the debtor was insolvent during the ninety days preceding the filing of its bankruptcy petition." *In re Ames Dep't Stores, Inc.*, 506 F. App'x at 72. "Notwithstanding that a Plaintiff has met its burden as to the required elements of § 547(b), a Defendant may still prevail if it can establish a defense set forth under § 547(c)." *In re Save Home Energy, Inc.*, 567 B.R. 1, 12 (Bankr. D. Conn. 2017).

### Avoiding Preferential Transfers Pursuant to § 550

When preference payments are being pursued, Bankruptcy Code "§ 550 is often used to recover the value of the § 547 avoidance action from the transferee." *In re Petland Discounts, Inc.*, No. 8-19-72292-REG, 2021 WL 1535793, at *4 (Bankr. E.D.N.Y. Jan. 26, 2021).

Section 550(a) authorizes one "to pursue recovery from all available sources until the full amount of unlawfully transferred Estate property is fully realized for the Estate's creditors." *In re Belmonte*, 931 F.3d at 154. By doing so, § 550 can "restore the estate to the financial condition it would have enjoyed if the transfer had not occurred." *In re Big Apple Volkswagen, LLC*, 11-11388 (JLG), 2016 WL 1069303, at *14 (Bankr. S.D.N.Y. Mar. 17, 2016) (quoting *Hirsch v. Gersten* (*In re Centennial Textiles, Inc.*), 220 B.R. 165, 176 (Bankr. S.D.N.Y. 1998)).

**Automatic Preservation of Avoided Transfer Pursuant to § 551**

When a transfer is avoided, it "is recoverable under 11 U.S.C. § 550 and is preserved under 11 U.S.C. § 551." *In re Rogers*, No. 18-20833 (JJT), 2021 WL 112477, at *11 (Bankr. D. Conn. Jan. 5, 2021).

V.  **DISCUSSION**

In this motion for default judgment, the court is tasked with determining whether the plaintiff has satisfied by a preponderance of the evidence that two preferential payments made by the defendant to the debtor can be avoided and recovered pursuant to §§ 547, 550, and 551.  Due to the defendant's failure to respond, which establishes liability because the plaintiff has submitted evidence of damages, the court determines the plaintiff has met its burden necessary for the requested relief.  *See*, Fed.R.Bankr.P. 9017, Fed.R.Civ.P. 43(c).

Pursuant to § 547, plaintiff's affidavit established that $28.880.00 was the amount paid by the debtor to defendant and those payments were (1) to the benefit of the defendant/creditor; (2) on account of an antecedent debt; (3) while the debtor was insolvent; (4) within ninety days of the Petition Date; and (5) allowed the defendant/creditor to recover more than they would have received under a Chapter 7 liquidation.  While a presumption exists that the debtor was insolvent ninety days prior to the Petition Date, plaintiff's factual investigation and affidavit support that the debtor was or became insolvent because of the two preferential transfers.  The court concludes the plaintiff has satisfied all the elements required under § 547.

VI. **CONCLUSION**

Based on the plaintiff's evidence and the entry of default for the defendant's failure to appear or respond, the court concludes a default judgment against the defendant is appropriate and the transfer of $28,880.00 by the debtor to the defendant should be avoided and preserved for the benefit of the bankruptcy estate.

This is a final order subject to rights of appeal. The time within which a party may file an appeal of a final order or judgment of the bankruptcy court is fourteen (14) days after it is entered on the docket. See, Fed.R.Bankr.P. 8002(a)(1). This decision and the default judgment that will enter on the same date comprise a final order subject to traditional rights of appeal with a fourteen (14) day appeal period. *See, Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S.Ct. 582 (2020).

**ACCORDINGLY**, it is hereby

**ORDERED**: The plaintiff's motion for default judgment against the defendant Plycon Van Lines, Inc., AP-ECF No. 7, is GRANTED.

Dated this 21st day of July, 2022, at New Haven, Connecticut.

*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut